**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS KURTZ,

                         Plaintiff,                              3:25-cv-1710
                                                                 (ECC/MJK)

v.

THE STATE OF NEW YORK, et al.,

                         Defendants.

---

**Appearances:**

Thomas Kurtz, *Pro se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Pro se Plaintiff Thomas Kurtz commenced this action by filing a Complaint on December 8, 2025, and additionally sought leave to proceed *in forma pauperis* (IFP).  Dkt. Nos. 1, 5.  This matter was referred to Magistrate Judge Mitchell J. Katz who, on March 26, 2026, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending, among other things, that Plaintiff's Complaint be dismissed without prejudice but without leave to amend for lack of subject matter jurisdiction.  Dkt. No. 9.  Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1), they had "14 days within which to file written objections" to the Report-Recommendation and that "failure to object to th[e] report within 14 days will

preclude appellate review." (Dkt. No. 9 at 15) (citing *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)).  No objections were filed.

For the reasons set forth below, the Court adopts that portion of Magistrate Judge Katz's Report-Recommendation recommending dismissal without leave to amend for lack of subject matter jurisdiction.

## II.    STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).  Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (Aug. 25, 2011) (citation omitted).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

## III.    DISCUSSION

Plaintiff's Complaint arises from the Defendants' alleged failure to provide Plaintiff with "his police report" pursuant to the New York Freedom of Information Law (FOIL).  *See generally* Dkt. No. 1.  After summarizing the Complaint, Magistrate Judge Katz recommended dismissal due to the Court's lack of subject matter jurisdiction over Plaintiff's claims.  *See* Dkt. No. 9 at 4-5

(citing *Jackson v. Wilcox*, No. 1:23-cv-0130 (MAD/CFH), 2023 WL 2756489, at \*5 (N.D.N.Y. Apr. 3, 2023) ("As courts have repeatedly held that federal courts lack jurisdiction to review FOIL claims, this Court lacks jurisdiction to review [defendant's] alleged denial of plaintiff's FOIL request. Thus, it is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction."), *report and recommendation adopted*, 2023 WL 4230351 (N.D.N.Y. June 28, 2023) (explaining, "the Court lacks subject matter jurisdiction over the complaint as federal courts do not have jurisdiction over claims related to FOIL request denials.") (citations omitted)).  Magistrate Judge Katz further noted that dismissal for lack of subject matter jurisdiction should be without prejudice, but without leave to amend.

Having reviewed Magistrate Judge Katz's recommendation for clear error, and found none, the Court adopts this recommendation.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's recommendation that the Complaint be dismissed for lack of subject matter jurisdiction, Dkt. No. 9, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice but without leave to amend**; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

3